```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
WAYNE SIGMON,                                    :

                        Plaintiff,               :      MEMORANDUM ORDER

        -v.-                                     :
                                                        12 Civ. 3367 (ALC) (GWG)
                                                 :
GOLDMAN SACHS MORTGAGE COMPANY
et al.,                                          :

                        Defendants.              :
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

In an October 27, 2016, ruling, the Court granted defendants' request to proceed on an expedited basis with discovery limited to the issue of whether plaintiff transferred any property to the defendants (the "Property Transfer Issue"). Before the Court is plaintiff Wayne Sigmon's motion for reconsideration of that ruling.[1]

I. BACKGROUND

Wayne Sigmon, a trustee in bankruptcy, brought a constructive fraudulent transfer claim and a common law contract claim challenging a purported transfer of the debtor's property interests in a limited liability company. See Third Amended Complaint, filed Dec. 21, 2015

---

[1] Plaintiff/Trustee's Motion for Reconsideration of the Court's October 28, 2016 Text Order (and Notice Thereof), filed Nov. 11, 2016 (Docket # 145); Memorandum of Law in Support of Plaintiff/Trustee's Motion for Reconsideration of Magistrate Judge Gabriel W. Gorenstein's October 28, 2016 Text Order, filed Nov. 11, 2016 (Docket # 146) ("Pl. Mem."); Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration, filed Nov. 21, 2016 (Docket # 149); Declaration of Ari M. Berman in Opposition to Plaintiff's Motion for Reconsideration, filed Nov. 21, 2016 (Docket # 150); Plaintiff/Trustee's Reply to Defendants' Memorandum of Law in Opposition to Plaintiff/Trustee's Motion for Reconsideration of Magistrate Judge Gabriel W. Gorenstein's October 28, 2016 Text Order, filed Nov. 28, 2016 (Docket # 152) ("Pl. Reply").

(Docket # 84) ("3d Am. Compl."). The contract claim has since been dismissed, leaving only the fraudulent transfer claim. See Opinion and Order, filed July 22, 2016 (Docket # 122).

Shortly after Sigmon's contract claim was dismissed, the parties briefed defendants' request for expedited discovery on what was called "the Property Transfer Issue."[2] The Property Transfer Issue relates to whether the debtor in this case conveyed to defendants (1) her membership interest in a limited liability company and/or (2) her right to receive distributions from a limited liability company. See 3d Am. Compl. ¶¶ 27-28; Berman Letter at 2-5; Meschan Letter at 2-4. Defendants argued that, because they had strong evidence that the debtor never transferred property to defendants, discovery should be limited initially to the Property Transfer Issue on the theory that the case might be quickly resolved by a motion for summary judgment if discovery produced no evidence of any property transfer. Berman Letter at 3-5.

At an October 27, 2016, hearing on defendants' motion, the Court granted defendants' application and stayed discovery on all matters other than the Property Transfer Issue. See Transcript, filed Nov. 2, 2016 (Docket # 143) ("Tr."), at 21:5-20. The Court found a "strong likelihood that [the Property Transfer Issue] could be dispositive." Tr. 21:17-23. In an attempt to minimize any potential prejudice to Sigmon, the Court stated that it would require defendants to reimburse Sigmon for certain costs he might incur as a result of re-taking any depositions should defendants' motion for summary judgment prove unsuccessful. Tr. 21:24-22:6.[3]

---

[2] Letter from Ari M. Berman, filed Aug. 12, 2016 (Docket # 129) ("Berman Letter"); Letter from David F. Meschan, filed Aug. 19, 2016 (Docket # 133) ("Meschan Letter"); Letter from Ari M. Berman, filed Aug. 26, 2016 (Docket # 134); Letter from David F. Meschan, filed Sept. 2, 2016 (Docket # 137).

[3] This aspect of the Court's ruling was made contingent on defendants not objecting to it within 5 days. Defendants filed no objection.

Sigmon now requests that the Court amend its October 27, 2016, order to allow (1) discovery on the amount of debt that was owed by the debtor to the defendants (the "Debt Issue") in lieu of discovery on the Property Transfer Issue; (2) discovery on both the Debt Issue and the Property Transfer Issue; or (3) discovery on all issues. Pl. Mem. at 3. Sigmon argues that discovery on the Debt Issue is critical because, if the debt was significant, he might be willing to drop the entire lawsuit. Pl. Mem. at 8; Pl. Reply at 6-7.[4]

II. LAW GOVERNING MOTIONS FOR RECONSIDERATION

Sigmon's motion papers state that his motion arises under Local Civil Rule 6.3. See Pl. Mem. at 2. The Court will consider case law arising under both Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), because the standards for both are identical. Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y., 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (quoting Briese Lichttechnik Vertriebs GmbH v. Langton, 2013 WL 498812, at *1 (S.D.N.Y. Feb. 11, 2013)); Arnold v. Geary, 981 F. Supp. 2d 266, 268-69 (S.D.N.Y. 2013) (citing Regan v. Conway, 768 F. Supp. 2d 401, 408 (E.D.N.Y. 2011)). The decision to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." Wilder v. News Corp., 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016) (internal quotation marks omitted) (quoting Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012)); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (using an abuse of discretion standard to judge a district court's decision on a motion for reconsideration). Local Civil Rule 6.3 provides that a party moving for reconsideration must set forth "the matters or controlling

---

[4] Sigmon also argues that the issue should be pursued because the defendants, in Bankruptcy Court proceedings, failed to comply with an obligation to produce discovery on this issue. See Pl. Mem. at 2-3, 5-8; Pl. Reply at 5-6.

decisions which counsel believes the Court has overlooked." Thus, "[a] motion for reconsideration may be granted where the moving party can point to controlling decisions or data that the court overlooked — matters, in other words[,] that might reasonably be expected to alter the conclusion reached by the Court." Hernandez v. Caliber Home Loans, 2016 WL 6561415, at *1 (S.D.N.Y. Oct. 24, 2016) (second alteration in original) (internal quotation marks omitted) (quoting In re JPMorgan Chase & Co. Deriv. Litig., 2014 WL 3778181, at *1 (S.D.N.Y. July 30, 2014)); accord Shrader, 70 F.3d at 257 (citations omitted).

"[A] party may not advance new facts, issues[,] or arguments not previously presented to the Court on a motion for reconsideration." Steinberg v. Elkman, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (internal quotation marks omitted) (quoting Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001)). Nevertheless, reconsideration may be granted because of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Luv n' Care Ltd. v. Goldberg Cohen, LLP, 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016) (internal quotation marks omitted) (quoting Hollander v. Members of the Bd. of Regents, 524 F. App'x 727, 729 (2d Cir. 2013) (summary order)); accord Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).

Reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Anwar v. Fairfield Greenwich Ltd., 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016) (internal quotation marks omitted) (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). The reconsideration rule must be "narrowly construed and strictly applied so as to 'avoid duplicative rulings on previously considered issues.'" Merced Irrigation Dist. v. Barclays Bank PLC, 178 F. Supp. 3d

181, 183 (S.D.N.Y. 2016) (quoting Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002); and citing Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999)).  A narrow application of the rule not only "helps to ensure the finality of decisions" but also "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."  Henderson v. Metro. Bank & Tr. Co., 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007) (internal quotation marks omitted) (quoting Naiman v. N.Y. Univ. Hosps. Ctr., 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005)); accord In re CRM Holdings, Ltd. Sec. Litig., 2013 WL 787970, at *3 (S.D.N.Y. Mar. 4, 2013) (quoting de los Santos v. Fingerson, 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998)); see also Hernandez, 2016 WL 6561415, at *1 ("The governing standard is 'strict,' and [a reconsideration] motion should be denied where the moving party merely seeks to relitigate an issue that was previously decided.") (citing Shrader, 70 F.3d at 257).

III. DISCUSSION

The motion for reconsideration is denied because Sigmon has not demonstrated that the standard for reconsideration has been met.  Sigmon points to the fact that he sought discovery on the Debt Issue in a letter to Judge Carter on April 29, 2016.  See Pl. Mem. at 5-6 (citing Letter from David F. Meschan, filed Apr. 29, 2016 (Docket # 109) ("April 29 letter")).  While Judge Carter initially referred the April 29 letter to the undersigned (Docket # 111), and Sigmon then supplemented the April 29 letter with another letter (Docket # 112), Judge Carter subsequently "terminated" both the original letter and the supplemental letter on the ground that he was ordering a stay of discovery (Docket # 114).  Therefore, this letter was not pending before the Court at the time defendants made their motion to limit discovery to the Property Transfer Issue and thus could not have been "overlooked."

Sigmon had another opportunity to raise the issue of whether discovery on the Debt Issue should proceed when he responded to defendants' request to limit discovery to the Property Transfer Issue. Sigmon vigorously opposed any limitations on discovery and the Court considered all arguments he made, including an argument he made during the hearing that he had been prevented from obtaining discovery on the debt issue, Tr. 14:3-4, and a statement in his opposition papers that "Defendants gave [Sigmon] no documents showing the amount of debt owed," Meschan Letter at 7 (emphasis omitted).[5]  While these references hardly amount to a clear argument that the defendants' application should have been denied in favor of allowing discovery on the Debt Issue, they were certainly considered by the Court in reaching its decision. In other words, there was no argument made by Sigmon that the Court overlooked.

Finally, even were we to consider the new arguments made in the instant application, we would not change the original ruling. The only practical reason Sigmon offers for obtaining discovery on the Debt Issue now is that it might permit him to "seriously consider" dismissing his claim depending on what he learns about the debt. Pl. Mem. at 8; Pl. Reply at 6-7. But this is far too speculative a basis on which to require any kind of significant discovery given that, as the Court has found, a ruling on the Property Transfer Issue may well dispose of the complaint in its entirety. And if the only discovery Sigmon seeks on the Debt Issue is non-burdensome discovery from the defendants, the defendants have every incentive to provide it to him without a Court order if they credit Sigmon's claim that he could be persuaded to voluntarily dismiss this lawsuit. Simon's counsel is encouraged to contact defendants' counsel directly on this issue.

---

[5] While Sigmon mentioned the April 29 letter in his opposition to defendants' motion, he did so only in passing and without reference to the need for discovery on the Debt Issue. See Meschan Letter at 2.

## IV. CONCLUSION

For the foregoing reasons, Sigmon's motion for reconsideration of the Court's October 27, 2016, ruling (Docket # 145) is denied.

SO ORDERED.

Dated: January 11, 2017
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge