USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2/25/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

WAYNE SIGMON, *Trustee in Bankruptcy for Karen LeBauer Hindin*,

         Plaintiff,

-against-

GOLDMAN SACHS MORTGAGE COMPANY, MLQ HOTEL, L.L.C., MLQ DML SPA, L.L.C., and MLQ DML RESTAURANT, L.L.C.,

         Defendants.

------------------------------------------------------------x

1:12-cv-03367 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Wayne Sigmon, as Trustee for Debtor Karen LeBauer Hindin, has moved pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's order granting summary judgment in favor of Defendants Goldman Sachs Mortgage Company ("GSMC"), MLQ Hotel, L.L.C., MLQ DML Spa L.L.C., and MLQ DML Restaurant L.L.C. (collectively "Defendants") in connection with Plaintiff's claim of constructive fraudulent transfer. *See Sigmon for Hindin v. Goldman Sachs Mortg. Co.*, No. 1:12-CV-3367 (ALC), 2018 WL 1517189, at *1 (S.D.N.Y. Mar. 26, 2018). After careful review, Plaintiff's Motion is **DENIED**.

## BACKGROUND

Familiarity with the specifics facts of the case is presumed. As a brief overview, GSMC made a loan to Duval Development Partners I, LLC ("DDP") and Duval Development Partners I Holdings, LLC ("Duval Holdings") (collectively, the "Borrowers") to fund the acquisition of certain property ("Property"). Third Amend. Compl. ("TAC") ¶¶ 9-21. Debtor was a guarantor of this loan because she held a 50% interest in Dakota Mountain Lodge ("DML"), which held a 50% interest in Duval Holdings, which in turn held a 100% interest in DDP. *Id.* Eventually, the

Borrowers defaulted on the loan, which rendered the loan due and payable in full. *Id.* at ¶ 23. To resolve the outstanding obligations under the loan, GSMC and the Borrowers entered into an agreement captioned Deed in Lieu of Foreclosure Agreement ("DILA"). *Id.* at ¶ 25. The DILA and associated documents provided for the transfer of certain Property to various affiliates of Goldman Sachs, which had been created for the sole purpose of receiving these transfers. *Id.* at ¶ 25. Plaintiff alleges that based on various portions of the DILA's text, Debtor transferred to Defendants (1) her membership interest in DML and (2) her right to receive distributions from DML as would result from a sale of the Property transferred via the DILA. *Id.* at ¶¶ 27-28.

On March 26, 2018, the Court held that Defendants were entitled to summary judgment because "that the language of [the] DILA establishes that Debtor did not transfer her interest in DML or any right to receive distributions thereunder to Defendants," hence there could be no constructive fraudulent transfer under Utah law. *Sigmon for Hindin,* 2018 WL 1517189, at *2. Plaintiff now moves for reconsideration of the Court's ruling asserting that the Court overlooked key facts in reaching its decision. Pl.'s Mem. Supp. Mot. Recons. ("Pl.'s Br.") 4, ECF No. 216.

## STANDARD OF REVIEW

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.,* 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and internal quotation marks omitted). A court will grant such a motion only where the party seeking reconsideration "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust,* 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). It is not simply an opportunity for the moving party to present "the case under new theories" or

otherwise take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

The decision to grant or deny a motion for reconsideration is committed to the sound discretion of the district court, but, in exercising that discretion, the court "must be mindful that a motion for reconsideration is not favored and is properly granted only upon a showing of exceptional circumstances." *Boyd v. J.E. Robert Co.*, No. 05-cv-2455 (KAM) (RER), 2013 WL 5436969, at *2 (E.D.N.Y. Sept. 27, 2013) (quoting *Nakshin v. Holder*, 360 F. App'x 192, 193 (2d Cir. 2010)) (internal quotation marks omitted), *aff'd*, 765 F.3d 123 (2d Cir. 2014).

## ANALYSIS

### I.  The Court Did Not Overlook Key Data

Plaintiff first asserts that reconsideration is due because the Court overlooked key data. Specifically, Plaintiff contends that (1) the DILA itself is a transfer document, which effectuated the transfer of the DML; (2) the Bill of Sale listed on Exhibit B of the DILA transferred Debtor's DML interest and distribution rights; (3) that Debtor's signed the Sixth Signature Page of the DILA in her individual and personal capacity, which she did for the purpose of conveying the DML; and (4) the DILA expressly provides that it transfers all collateral, except for any collateral GSMC explicitly states it is excluding, and GSMC did not explicitly exclude the DML. Pl.'s Br. 5-11, ECF No. 216. Plaintiff's arguments are readily dismissed.

First, the Court did not overlook the DILA as a transfer document. Indeed, in reaching its decision the Court considered Exhibit B of the DILA, which clearly enumerates the transfer documents including the DILA. *Sigmon for Hindin*, 2018 WL 1517189, at *3. What does not follow is Plaintiff's present argument that somehow the DILA itself transferred Debtor's DML interest and distribution rights. Pl.'s Br. 5-6, ECF No. 216. After reviewing the DILA and the

3

other Transfer Documents, the Court held that "the list of Transfer Documents does not reference or include Debtor's DML interest or the right to receive distributions thereunder." *Sigmon for Hindin*, 2018 WL 1517189, at *3. Put another way, none of the Transfer Documents spoke to the transfer of the Debtor's DML interest, and therefore no transfer was effectuated by the DILA itself. Therefore, Plaintiff's first argument fails.

For similar reasons, Plaintiff's second argument that the Court overlooked the Bill of Sale listed in Exhibit B of the DILA lacks merit. Plaintiff asserts that item 7 of Exhibit B is a Bill of Sale that transfers all "personalty," which Plaintiff states refers to personal property, and that this must mean that the Debtor's DML interest and distribution rights were transferred. Pl.'s Br. 6, ECF No. 216. As already noted, the Court analyzed the Transfer Documents in Exhibit B and, hence did not overlook item 7. Besides, it is *clearly stated* that item 7 relates to a transfer of personalty from Property Owner, defined as Duval Development Partners I, LLC in the DILA, to MLQ DML Hotel, L.L.C. ECF No. 179-3 at 1; ECF No. 179-4 at 2. Thus, even if the Court overlooked item 7, which it did not, it would not materially change the Court's holding.

Plaintiff next asks the Court to consider that Debtor signed the Sixth Signature Page of the DILA in her individual and personal capacity, the purpose of which was to transfer her DML interest to Defendant. Pl.'s Br. 6-9. Plaintiff supports this argument by asserting that another principal, Reza Fakhrieh, also signed the Sixth Signature Page in his individual and personal capacity, but that unlike Debtor, Mr. Fakhrieh was not a guarantor of the construction loan—he instead held ownership interest in an LLC that held a membership interests in some of the Property at issue. Pl.'s Br. 7-8, ECF No. 216. Plaintiff asserts the only reason Mr. Fakhrieh would do so "was to transfer his membership interest in Dakota Restaurant, Dakota Hotel and/or RFDPC to GSMC." *Id.* at 8. Plaintiff then concludes that "it can only be assumed that the

4

Debtor was doing the same with respect to her membership interest in, and right to receive distributions from, Dakota LLC." *Id.*

Defendants' primary response is that Plaintiff did not raise this argument in opposition to summary judgment, and it is thus forfeit. Defs.' Mem. Law. Opp. Pl. Mot. Recons. ("Defs.' Br) 12-13, ECF No. 228. Moreover, Defendants assert that even if Plaintiff had raised this argument, the argument lacks merit because (1) Debtor had numerous obligations as a Principal that required her to sign the DILA in her individual and personal capacity; and (2) her signature cannot suggest a transfer took place where the language of the DILA itself did not state that the Debtor's DML interest or distributions rights were transferred. The Court agrees.

In Plaintiff's opposition to Defendants' Motion for Summary Judgment Plaintiff argued that there were several pieces of evidence indicating a transfer took place including, *inter alia*, the Debtor's fully executed counterpart of the DILA, which bore the Debtor's signature on the Sixth Signature Page. Pl.'s Opp. Summ. J. 5, ECF No. 182. There was no argument made about the legal implications of the Debtor signing in her individual and personal capacity, and there was no basis for the Court to make any such inferences on behalf of Plaintiff based on two sentences about the Sixth Signature Page that related to the authenticity of the Signature Page and the fact that it was signed. The most charitable interpretation of Plaintiff's argument was that the Debtor believed the DILA, once executed, would transfer Debtors' DML interest to Defendants and that Debtor did in fact execute the DILA as per her signature on the Sixth Signature Page.

Now, Plaintiff asks the Court to make several logical leaps based on Plaintiff's belief as to why Mr. Fakhrieh, a non-guarantor Principal, also signed the DILA in his individual and personal capacity. The Court, however, declines to do so as the purpose of reconsideration is not

to consider issues that were not previously before the Court. *Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of New York Mellon*, No. 11 CIV. 5459 WHP, 2013 WL 593766, at *2 (S.D.N.Y. Feb. 14, 2013) ("[A] motion for reconsideration cannot assert new arguments or claims which were not before the court on the original motion . . . .") (citing *Koehler v. Bank of Bermuda, Ltd.*, No. M18–302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005)).

But, even if Plaintiff's argument were properly raised in Plaintiff's prior filings, there is no basis for reconsideration. As already noted, the Court considered the entirety of the DILA and concluded that it did not effectuate any transfer for the DML. To reach this holding, the Court relied, in part, on two principles of contract law that also apply here: (1) "[a] contract must be interpreted in accordance with the intent of the parties as revealed by the language and structure of the contract;" and (2) "where sophisticated drafter omits a term, *expressio unius* precludes the court from implying it from the general language of the agreement." *Sigmon for Hindin*, 2018 WL 1517189, at *4-*5 (S.D.N.Y. Mar. 26, 2018) (citing *Frontline Commc'ns Int'l, Inc. v. Sprint Commc'ns*, 178 F. Supp. 2d 432, 436 (S.D.N.Y. 2001)) (citing *Quadrant Structured Products Co. v. Vertin*, 23 N.Y.3d 549, 560 (2014)). Hence, Plaintiff's argument in unavailing because (1) the structure of the contract, which includes an exhibit that enumerates what was to be transferred under the DILA, cuts against the possibility that another portion of the contract would expand the universe of property to be transferred under the agreement; and (2) the Court cannot and will not imply from general language of DILA (i.e., "individual and personal capacity") that a transfer of the DML was intended by the parties.

Lastly, Plaintiff asserts that under the terms of the DILA, GSMC was required to explicitly elect to not transfer the Debtor's DML interest and distribution rights; as GSMC failed

to do so, a transfer took place. Plaintiff's argument is readily dismissed. Plaintiff is correct that the DILA transfers "all Desired Collateral," which refers to "all of the Collateral except such portions of the Collateral as Lender may elect not to have transferred to the Transferees." ECF No. 179-3 at 5. But, as already noted in the Court's prior order, (1) the Transfer Documents determined what was transferred via the DILA; (2) the list did not include Debtor's DML interest or distribution rights; and (3) applying the principle of *expressio unius est exclusio alterius* i.e., to express or include one thing implies the exclusion of the other, or of the alternative, the only logical conclusion was that "the omission of any transfer document effecting a transfer of Debtor's DML interest or right to receive distributions" meant "that no such transfer ever happened." *Sigmon for Hindin*, 2018 WL 1517189, at *3 (S.D.N.Y. Mar. 26, 2018). Plaintiff cites no new facts or law that warrants reconsideration of these conclusions.

## II. There Was No Manifest Injustice

Plaintiff also argues that manifest injustice occurred in this matter, which warrants reconsideration. Specifically, Plaintiff asserts that the Court's reliance on copies of transfer documents that Debtor signed, which were undated and which did not specify to whom the DML interest would be transferred, to reach the Court's holding that a transfer did not occur was erroneous because (1) these were not original documents, as GSMC was unable to locate them; and (2) the testimony of Defendants' Rule 30(b)(6) witness was based on these copies rather than the original versions. These arguments, however, do not provide a basis for reconsideration for two reasons.

First, this argument does not meet the high burden that a party seeking reconsideration for manifest injustice bears. *See In re Air Crash at Belle Harbor, New York on Nov. 12, 2001*, No. 02 CIV. 3143 RWS, 2007 WL 4563485, at *1 n.1 (S.D.N.Y. Dec. 18, 2007) ("Courts

7

ordinarily have not defined precisely what constitutes . . . manifest injustice[, but] [a]t least one court has held though that reconsideration is not warranted unless the prior decision is 'dead wrong.' [Moreover], the Supreme Court has cautioned that 'as a rule courts should be loathe to do so in the absence of extraordinary circumstances . . . .'") (citing *Parts & Electric Motors, Inc. v. Sterling Electric, Inc.*, 866 F.2d 228, 233 (7th Cir.1988), *cert. denied*, 493 U.S. 847 (1989)) (citing *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988)). There is no evidence indicating that the original documents would have altered the outcome of this matter, but more importantly, these documents were not dispositive—they merely "bolstered" the Court's conclusion that a transfer did not occur. *Sigmon for Hindin*, 2018 WL 1517189, at *4.

Second, this issue was fully briefed in connection with Defendants' summary judgment motion and considered by the Court. As courts have consistently held, the purpose of reconsideration is not the relitigate issues that were already considered by the Court. *Mir v. Shah*, 569 F. App'x 48, 50 (2d Cir. 2014) ("Reconsideration should not be granted where 'the moving party seeks solely to relitigate an issue already decided.'") (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). The Court considered this issue and gave it the weight it deemed necessary. Though Plaintiff, like any other party that does not prevail, may disagree with the Court's interpretation of the evidence and its conclusions therein, the Plaintiff's disagreement alone does not furnish the basis for reconsideration under prevailing law.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED.**

Dated: February 28, 2019
New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**